(No. 726—Claimant awarded $2500.00.)

W. A. HINES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 29, 1925.*

GOVERNMENTAL FUNCTION—*not liable for injuries sustained by its employees.* The State in conducting the Illinois State Reformatory exercises a governmental function and is not liable for injuries sustained by its employees therein, while in the discharge of their duty.

SOCIAL JUSTICE AND EQUITY—*award may be made.* Although the State is not liable claimant may be awarded compensation as a matter of social justice and equity.

W. A. HINES, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration filed in this case shows that the claimant, W. A. Hines, is a resident of the City of Pontiac, Livingston County, Illinois; that said claimant on January 1, 1923, and for a long time prior thereto was a civil service employee of said State of Illinois and was employed in the State Reformatory, said State Reformatory being an institution under the control of said State of Illinois; that by the direction of the officials of said State institution, he, the said claimant, W. A. Hines, was on January 1, 1923, stationed as chief electrician of said State institution; that on said date there was urgent need for said claimant's services in what is known as South Cell House, and while in the performance of his duties and while using due care for his own safety, said claimant slipped and fell from a ladder to the cement floor of said cell house, a distance of ten and a half feet, causing the ligaments of both feet to be torn and injury to both of said claimant's ankle joints, resulting in a marked periositis, also a constant lameness and soreness in his left shoulder and causing him to be sore, sick, bruised and disabled for a period of ten weeks, and that he has been informed by his physicians that the lameness in both ankles is permanent. Claimant's age is shown to be 55 years; that he has a family, consisting of himself, wife and one minor child; that he has been employed at the Illinois State Reformatory continuously since January 5, 1897, as a school teacher for nine years, clerk in the assistant superintendent's office for two years and for the past twelve years as chief electrician.

The Attorney General of the State of Illinois filed a demurrer to the declaration, which, as a matter of law, is sustained by the court.

The Attorney General entered into a stipulation with the claimant herein, wherein it is stipulated by and between the claimant, W. A. Hines, and the defendant, the State of Illinois, by Edward J. Brundage, Attorney General, that the affidavit of I. M. Lish and the signed statement of Dr. J. S. Marshall and Dr. E. C. Beatty, attached to said stipulation, marked Exhibits "A" and "B," respectively, may be considered by the court as evidence on behalf of the defendant in this cause, as fully as if said affiants had appeared and testified and their testimony had been taken in the form of depositions before a commissioner duly authorized to take evidence in this cause.

From the evidence of I. M. Lish, general superintendent of the State Reformatory, located at Pontiac, Illinois, a State institution, it appears that on January 1, 1923, W. A. Hines, electrician, employed at said institution, was going up a ladder in the South Cell House to inspect a motor located on a platform above a heating fan, about 15 feet above the concrete floor; that when a distance of about 11 feet from the floor, he slipped and fell from the ladder, landing on his heels, causing torn ligaments in both feet and injury to both ankle joints; that said claimant was off duty ten weeks, during which time he received free medical treatment, nursing service and full pay; that said claimant is still lame and that he (Lish) recommends that damages be paid said claimant.

The evidence of the attending physicians is that said claimant was injured January 1, 1923, by falling from a ladder; that they made an examination at the time, which showed both feet contused and swollen; that claimant was put to bed, proper and necessary medical treatment was administered; that claimant returned to duty walking on crutches, which he had used from the 12th day of January, 1923, he returning to duty April 12, 1923; that at the present time (December 19, 1923) said claimant has a limping, halting, shuffling gait; that the injury, in the judgment of said attending physicians was a laceration or tearing of the ligaments at the lower end of the tibia and fibula, at and near the ankle joints, also of the ligaments supporting the bones of either foot; that the ankles at this time (one year after) are much enlarged, motion impeded in either foot fully one-half normal, due to a partial ankylosis following the inflamatory action; that the claimant,

in the judgment of said attending physicians, is unable to perform his work as he formerly would do, as a result of said injury, and that the condition is permanent.

The evidence of the claimant is substantially the same as set forth in said declaration.

The court is fully aware that the doctrine of *respondeat superior* is not applicable to the State and it has been so held by this court in numerous cases; that the State, in the absence of statute, is not liable for the torts of its officers, agents or employees; that the State, in conducting the Illinois State Reformatory at Pontiac, exercises governmental function and is not liable for injuries to those in attendance upon said institution.

The claimant has given the best years of his life for the welfare of this State institution, his injury, according to the evidence of the attending physicians, is permanent; said claimant will never be able to perform the same duties as efficiently as he did before the injury. The State may deem it advisable to dispense with the services of said claimant on account of said injury, thus throwing him out of employment, and his physical condition would render it almost impossible for him to procure employment elsewhere.

It is the opinion of the court, that in equity, good conscience and social justice, said claimant should be entitled to compensation from the said State of Illinois for the injury sustained and for his evident permanent disability.

We therefore award said claimant the sum of $2,500.00.